UNITED STATES, Appellee

v

RILEY HARRIS, Private First Class,
U. S. Army, Appellant

10 USCMA 69, 27 CMR 143

No. 11,634

Decided December 12, 1958

*Captain Arnold I. Melnick* argued the cause for Appellant, Accused.
*First Lieutenant Avram G. Hammer* argued the cause for Appellee,
United States. With him on the brief was *Major Thomas J. Nichols*.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted by general court-martial of involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919, and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years.

This Court granted review on the issue:

"Whether the law officer was correct in ruling that if the accused took the stand on voluntariness he could be examined regarding alleged past instances of lying under oath as attacking his credibility."

We find it unnecessary to reach the granted issue, however, because we conclude that there was no ruling by the law officer which could be properly objected to and saved for appellate consideration. There was, rather, simply an indication by the law officer of what he would rule if the question were presented to him.

The controversy arose in the following manner. During the course of the trial, the prosecution offered in evidence a pretrial statement of the accused as Prosecution Exhibit 15. Defense counsel requested the law officer to instruct the accused on his right to take the stand for the limited purpose of testifying as to the voluntariness of the statement. After the law officer gave the requested instruction, the defense

69

counsel indicated he would like at that time to place the accused on the stand to testify for such limited purpose. Trial counsel then asked a question of the law officer concerning the scope of cross-examination of the accused. This question and the law officer's reply thereto caused defense counsel to request a side bar conference. It was then determined a hearing would be held out of the presence of the court. At that out-of-court hearing, the following pertinent discussion ensued:

"LAW OFFICER: All my ruling so far is that, if under oath, the trial counsel could indicate to me that . . . [accused] had lied under oath, then I would permit him to ask the question as to whether he lied under oath before, because I think that will attack the man's credibility. Now, that is my ruling so far. Do you want to pin me down further?

"DEFENSE: No, sir, we understand your ruling, but we object to it.

"LAW OFFICER: You object to that ruling. All right then. Now, whether or not the accused takes the stand, it is his prerogative, on the advice of his defense counsel. If you feel that the trial counsel will attack his credibility and therefore you have something to lose, that is entirely your tactics.

"DEFENSE: Yes, sir, just for the record, the reason for our objection is the fact that we believe the ruling, as stated by the law officer, would allow the accused to be cross-examined upon credibility in a way not allowed by the law, as we interpret the law. That is not in our reading of the law.

"LAW OFFICER: My opinion of the law is that if it can be shown that he has lied under oath, then his credibility can be attacked. I will expect the trial counsel, if he understands my instruction, to have pretty good proof that the man was lying under oath before he can ask that question.

"DEFENSE: And sir, to pin-point our objection, we would regard your ruling, sir, as allowing the showing of a specific instance of past misconduct not amounting to a conviction and not relating to the matter in issue.

"LAW OFFICER: That is not my ruling. I didn't mention misconduct, I said lying under oath. That was my ruling. But it has to be shown that he was lying under oath before the question can be asked. Is that understood?

"DEFENSE: Yes, sir.

"LAW OFFICER: The hearing will be closed."

The accused did not take the stand and there was no ruling made by the law officer except as to a hypothetical set of facts which never became a reality. Defense counsel objected to the admissibility of Prosecution Exhibit 15 and his objection was overruled. The decision of the defense counsel not to place accused on the stand was his decision as a matter of trial tactics. As he indicated in his own words at the out-of-court hearing:

". . . [W]hat we would gain by putting him on stand are entirely outweighed by the possible prejudice that might be created in the minds of the court—that the accused had made a false official statement on an entirely different subject, that he could be assumed to be a liar with regard to the alleged murder."

This state of the record then has no different significance on appeal than if the decision of the accused not to testify had been made and the out-of-court hearing had never occurred. Certainly the hearing which took place out of the hearing of the court members is part of the record, but everything that occurred there was strictly hypothetical. In point of fact, accused did not testify and there was no ruling on the scope of cross-examination as related to particular questions.

As stated by the Government in its brief:

"Throughout this brief we have characterized the law officer's ruling, given at the request of trial defense counsel during an out of court hearing, as an *advisory ruling*. This is so because the facts upon which the law officer based his advice were hypo-

thetical, not having arisen at the time of the ruling and, indeed, never having arisen during the entire course of trial. Each of the circumstances placed before the law officer was in the nature of a supposition: supposing the accused were to take the stand, supposing trial counsel were to have evidence of previous instances of lying under oath, and supposing he were to inquire about them on cross examination; would, then, the law officer sustain an objection to the question, supposing again that an objection were to be made? It was the law officer's response to these hypotheticals which alone gives rise to the present assignment of error."

Certainly there is nothing wrong with the law officer holding a hearing out of the presence of the court, but in the presence of the accused, counsel for both sides, and the reporter, to determine a question of law. However, counsel may not save for appeal an expected ruling by the law officer on a hypothetical set of facts. That the discussion held in this case influenced the tactics of counsel and caused the accused to forego his right to testify provides him with no legitimate basis for complaint under these facts.

It is essential to properly raise the issue. Here, there was no ruling by the law officer. As noted earlier, his "ruling" was simply an indication of what he expected to do if the question were presented to him and it is obvious that, the accused not having been called

as a witness, at no time was there an actual issue as to the extent to which he could be cross-examined. The question did not arise and there is nothing for this Court to consider. The record does not reflect the occasion or any of the circumstances under which the accused may have lied under oath. Circumstances can be envisioned where such matter may affect credibility but other facts and circumstances might render such matter inadmissible. Defense counsel, by his tactics here, did not raise the issue in a concrete form applied to a specific set of facts under which this Court could consider questions of possible error and prejudice. The whole discussion was based upon a hypothetical situation which never occurred, and dealt only with generalities and not the specifics which could be expected to arise had the matter been pursued further. Even if a ruling were made on such matter, it is only in its application to specific questions directed to the accused that we could consider a question of possible error from the allowance or disallowance of a question. There having been no ruling by the law officer, the granted issue presents a hypothetical question which this Court is not required to decide. Cf. United States v Thompson, 2 USCMA 460, 9 CMR 90.

For the reasons stated, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.