UNITED STATES, Appellant

v

MILES F. LOCK, Airman Basic,
U. S. Air Force, Appellee

13 USCMA 611, 33 CMR 143

No. 16,237

April 5, 1963

*Major James Taylor, Jr.*, argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel John C. Wiley.*

*Captain Hugh J. Dolan* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

## Opinion of the Court

QUINN, Chief Judge:

Proceeding under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Air Force asks this Court to review the correctness of the board of review's re-

versal of the accused's conviction of three specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The question certified is:

"WAS THE BOARD OF REVIEW CORRECT IN ITS DETERMINATION THAT, IN THE

CIRCUMSTANCES OF THIS CASE, THE ACCUSED WAS PREJUDICED BY THE LAW OFFICER'S FAILURE TO CONDUCT AN OUT-OF-COURT HEARING ON THE VOLUNTARINESS OF THE ACCUSED'S PRETRIAL STATEMENT?"

At trial Agent Ellsworth W. Viau, Office of Special Investigations, testified he interviewed the accused. He said he advised the accused of the nature of the investigation and of his rights under Article 31, Uniform Code of Military Justice, 10 USC § 831. At that point, his direct examination was interrupted by defense counsel. The colloquy which followed was the basis for the accused's post-trial complaint that he was denied the right to a preliminary out-of-court hearing on the voluntariness of a pretrial statement he gave to Agent Viau:

"DC: Excuse me, Mr. Law Officer, before we go further here. I am not sure just how far it is proper to proceed at this point. The defense desires that the testimony of this witness be taken in an out-of-court hearing. Now, as you may see, it's a little bit difficult for me to know what questions are going to be asked and what answers are given, and the defense would prefer at this point since it has been established that this is the agent who investigated the offenses of which the accused is charged, he did talk to the accused and he did advise him of his rights, it seems this might be a proper point to go into closed session.

"LO: Does trial counsel have something to say to that?

"TC: Yes, sir. What I am about to elicit from the witness at this stage I believe is entirely relevant to the case, and it is something the court may have to pass on at a later time. I think it should be continued in the open session unless we run into some problem where the court should be excluded. At this stage I see no reason why the court should not hear it.

"LO: Captain Rooney, it is my opinion here that the testimony this witness will give or is about to give bears upon the voluntary nature of any statement the accused might have made, and this is material that the court should consider, because each member of the court has the responsibility of determining himself as to—

"DC: Right.

"LO: —what weight to give such statement, and consequently it is my opinion that this must be in open court.

"DC: Well, the entire question of voluntariness of a statement given or not given or whatever happened will have to be heard by the court?

"LO: It is something that the entire court, each member of the court that is, must weigh in his own mind and make his own decision. If this testimony is not given before the court, they are deprived of the opportunity of weighing the testimony with the full information that is available.

"DC: Well, what I had in mind was two possibilities. One would be to have a hearing in closed session and then go back into open hearing, if necessary. However, this would take more time and would ultimately end up with the same thing, so I guess we may as well proceed.

"LO: Proceed."

When the law officer hears evidence or extensive argument on a matter subject to his exclusive determination, the "preferred practice is for the argument to be held out of the presence of the court-martial members." United States v Bouie, 9 USCMA 228, 233, 26 CMR 8. The practice is particularly important in proceeding on a defense objection to the admissibility of a pretrial statement by the accused because substantial evidence bearing on the admissibility question, but immaterial to the merits, is frequently introduced. See United States v Dicario, 8 USCMA 353, 24 CMR 163. Generally, therefore, on request, an accused is entitled to an out-of-court hearing on an objection to the admissibility of a pretrial statement made by him. United States v Young, 10 USCMA 249, 27 CMR 323; United States v Cates, 9 USCMA 480, 26 CMR 260. He may request a side-bar conference with the law officer to present the substance of

**613**

the defense objection. The Government advances two preliminary arguments to support the law officer's failure to follow the practice in this case. It maintains, first, that the defense request was premature in that an out-of-court hearing is required only for the purpose of hearing the accused's testimony; and, secondly, that the accused's testimony shows he had no valid ground to object to the admission of his pretrial statement.[1] Both arguments are predicated upon too narrow a reading of the cited cases, especially United States v Young, supra.

In the *Young* case we said that if there was no "issue of admissibility" as to the pretrial statement, "the accused obviously was not harmed" by the law officer's denial of his request for an out-of-court hearing. The statement was made after a recital of the evidence, from which it clearly appeared that, other than a difference between the accused's version of the circumstances immediately surrounding his interrogation and that of the agents, nothing was adduced which could prejudice the court-martial against the accused. Consequently, unless the difference in the two accounts of the interrogation presented what we described as an "issue of admissibility," the accused was not harmed by the denial of his request for an out-of-court hearing. We concluded that such an issue was present. Had that issue been decided by the law officer in an out-of-court hearing, the defense might have elected not to re-present the issue before the court-martial. The law officer's ruling prevented the defense from making that election. Accordingly, we held that denial of the requested out-of-court hearing was prejudicial error. Cf. United States v Bruce, 12 USCMA 410, 30 CMR 410; United States v Cruz, 10 USCMA 458, 28 CMR 24; United States v Bouie, supra.

Ordinarily, when "no issue of admissibility" is presented by the terms of the defense objection to the admission in evidence of accused's pretrial statement, it is unlikely that prejudice will result from denial of his request for an out-of-court hearing. Suppose that, as in this case, after the agent-witness testifies he informed the accused of the nature of the offense and advised him of his rights under Article 31, defense counsel requests an out-of-court hearing. Obviously, there is no necessity for an out-of-court hearing if the defense has no valid objection to the admission in evidence of a pretrial statement by the accused to the agent. The law officer, therefore, may properly ask defense counsel to state at least in general form the ground of his request. See United States v Brown, 10 USCMA 482, 28 CMR 48. Suppose further, defense counsel says he objects to continuation of the agent's testimony on the ground the agent did not exhibit his credentials to the accused before informing him of his rights under Article 31. Manifestly, that ground of objection presents "no issue of admissibility" regarding the accused's statement, and the law officer's refusal to accord the defense an out-of-court hearing to develop that matter would not be prejudicial to the accused.

---

[1] The defense attempted to establish two grounds of objection: (1) That the accused was threatened with pretrial confinement; and (2) that he was coerced into taking a lie detector test. As to the latter, the accused said: "So I agreed then to take the lie detector test, because I wanted to get out—get out of the OSI office, since this being the 1st of February I wanted to get my portion of the allotment check from my wife, because her and I, we are getting a divorce." As to the threat of confinement, the accused admitted that after he was informed that confinement orders had been drawn up he "still denied . . . still refused to make a statement or take a lie detector test." Later "in the process [of taking a polygraph test] . . . [he] gave him [Viau] this statement." Also, Agent Viau testified, without contradiction or impeachment, that after the test the accused came into his office and "Immediately . . . looked at me and said, 'I am a bad liar.'" The pretrial statement itself recites that it was made "voluntarily and of . . . [the accused's] own free will . . . [and] without having been subjected to any coercion, unlawful influence or unlawful inducement and without any promise of reward, benefit, or any immunity. . . ."

On the other hand, if the objection indicates the existence of a tenable ground upon which a pretrial statement by the accused may be excluded, defense argument or the evidence, either by way of cross-examination of the agent or direct testimony by defense witnesses, may disclose matter unfavorable to the accused, which is material to the issue of admissibility but irrelevant on the merits. If such matter is brought to the attention of the court members it may tend to influence them against the accused. The out-of-court hearing guards against that contingency. United States v Dicario, supra. Consequently, the board of review below correctly concluded that apart from the ultimate presence or absence of an "issue of admissibility," if the request for an out-of-court hearing is refused, and matter is presented which could reasonably incite hostility or bias on the part of the court members against the accused, denial of the defense request is prejudicial error. See United States v Cates, supra. However, the record of trial does not support its determination that the failure to hold an out-of-court hearing in this case resulted from the denial of a defense request therefor. Rather, we agree with the conclusion reached by the staff judge advocate in his thorough and helpful post-trial review that the accused's counsel abandoned the request.

Defense counsel's initial statement does not stand alone. It must be considered with the remainder of the discussion. Counsel's final remarks explain exactly what he "had in mind." Plainly, he intended to interpose an objection to the admission in evidence of a pretrial statement by the accused, which, while not yet mentioned by the witness, he expected to be offered by the Government. It is also plain he anticipated a conflict in the evidence on the issue, and an adverse ruling by the law officer. He knew and expected, therefore, that he "would ultimately end up with the same thing," that is, presentation to the court members of the evidence regarding the voluntariness of the accused's pretrial statement. He decided that he might "as well proceed" in open court. It may be the law officer did not fully understand his own responsibility in this area. In any event, instead of expostulating on the role of the court-martial, he should have ruled immediately and directly on defense counsel's request. However, his error does not detract from defense counsel's understanding of the situation. Counsel's remarks show he knew the alternative courses available to him; and he freely chose to proceed in open court, rather than require a ruling on his request for an out-of-court hearing. In short, he abandoned his initial request, and willingly joined in the open court inquiry into the admissibility of the accused's pretrial statement. It is "too late now to contend . . . [he] made a poor choice or that . . . [he] did not know the law." United States v Wannenwetsch, 12 USCMA 64, 30 CMR 64; see also United States v Harris, 10 USCMA 69, 27 CMR 143.

We are not inclined to disregard a law officer's error or uncertainty which results in depriving the accused of a substantial right merely because accused's counsel is inattentive to, or ignorant of, the correct rule and does not directly object to the improper procedure. See United States v Skees, 10 USCMA 285, 27 CMR 359; United States v Wilson, 7 USCMA 656, 23 CMR 120. Where, however, the record of trial shows defense counsel knows the courses of action available to him, and intentionally and intelligently chooses one in preference to another, we are not justified in reversing the accused's conviction because, on appeal, the course chosen seems less advantageous than it seemed at trial. See United States v Wolfe, 8 USCMA 247, 24 CMR 57; United States v Patrick, 8 USCMA 212, 24 CMR 22; United States v Mundy, 2 USCMA 500, 9 CMR 130. We conclude, therefore, that the accused was not denied a requested out-of-court hearing, but freely agreed to proceed in the presence of the court members. He cannot now maintain that his own choice was prejudicial to him. We answer the certified question on that basis.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General

of the Air Force for resubmission to the board of review for consideration of the case on the merits.

Judge FERGUSON concurs.

KILDAY, Judge (concurring in the result):

I concur in the result.

I agree with the result reached by my brothers. However, my conclusion is reached by a route so different from theirs that I find it necessary to state my view.

I do not agree with the Government's contention that the accused was not denied an out-of-court hearing on voluntariness as defense counsel indicated his desire to present evidence touching voluntariness before the court-martial; nor that the comments of counsel and the law officer, regarding an out-of-court hearing, related to the direct testimony of a Government witness, and could not reasonably be construed as depriving the accused of an opportunity to present *his own* evidence in camera. Neither do I agree with the conclusion reached in the majority opinion that defense counsel "abandoned his initial request."

The colloquy quoted by my associates shows clearly that defense counsel requested an out-of-court hearing. There is no indication in the colloquy that the law officer construed the request in the narrow light contended for by the Government, nor does it support the majority's conclusion of abandonment of the request. The law officer stated clearly that he understood defense counsel desired to examine into the question of voluntariness out of the presence of the court-martial.

A request for an out-of-court hearing should not be considered on such a restricted and technical basis. The language of the request is not to be construed in the narrow or technical manner in which a common-law indictment might be construed. In asking for an interlocutory hearing, defense counsel—for reasons of which seasoned trial lawyers are well aware—seemed to be following a prudent course in seeing that the existence of a pretrial statement by accused was not highlighted for the court members. It seems clear that the subsequent course of the colloquy may have been determined by the remarks of the law officer.

Upon the request being made by defense counsel, the law officer should have granted the out-of-court hearing and his failure to do so is error. United States v Young, 10 USCMA 249, 27 CMR 323; United States v Cates, 9 USCMA 480, 26 CMR 260; United States v Dicario, 8 USCMA 353, 24 CMR 163. See also United States v Cooper, 2 USCMA 333, 8 CMR 133; United States v Jones, 7 USCMA 623, 23 CMR 87. Being of the view that the failure of the law officer to hold an out-of-court hearing on the voluntariness of accused's out-of-court statement is an error of law, I proceed with an evaluation of whether such error materially prejudiced the substantial rights of the accused. Article 59, Uniform Code of Military Justice, 10 USC § 859.

After the colloquy quoted in the majority opinion, defense counsel, in open court, proceeded to a thorough cross-examination of the agent to whom the out-of-court statement had been made. In this cross-examination defense counsel inquired into aspects of alleged coercion, unlawful influence, and undue or improper inducement. Among other items, these included questions as to alleged threats of pretrial confinement, and threats that accused must either make a statement of denial or admission, or subject himself to a lie detector test.

At the conclusion of the examination of the agent, the accused elected to testify to the limited extent of the question of voluntariness of the statement. Under direct and cross-examination, accused testified at length as to all of the circumstances surrounding the giving of his statement and as to the area of duress, coercion, unlawful influence, and undue and improper inducement, including alleged threats of pretrial confinement and that accused must either make a statement of denial or admission or submit to polygraph examination. He stated that, as a result of such importunities and pressures, he did submit to a lie detector test and, as a result thereof, accused made his extrajudicial

statement. The defense also produced other witnesses in connection with the inquiry into voluntariness. It should be observed that this question was fully and thoroughly developed, and sharp conflicts exist between the facts as stated by the agent and the accused. No contention is raised that additional facts could be developed on a rehearing of this issue. Cf. United States v Dicario, supra.

In view of the development of the issue at trial, as outlined above, it is to be noted that, both at the time of the admission of accused's statement, and again in his final instructions to the court-martial, the law officer fully and correctly instructed on voluntariness.

Under those circumstances, it would appear this record presents the same question as that posed in United States v Evans, 13 USCMA 598, 33 CMR 130, this day decided. My views on the subject may be found in that opinion. In light thereof, I would hold in this case that the denial of an out-of-court hearing did not materially prejudice the substantial rights of the accused.

Further, I desire to disassociate myself from any decision of the hypothetical cases posed by my colleagues. I shall pretermit my determination thereof until such questions may hereafter be properly presented to us.

Nevertheless, and for the reasons set forth above, I conclude the certified question should be answered in the negative. I, therefore, join my brothers in reversing the decision of the board of review.