UNITED STATES, Appellee

v

"A" "C" BOUIE, Airman Third Class, U. S. Air Force, Appellant

9 USCMA 228, 26 CMR 8

229

No. 10,060

Decided May 9, 1958

*Captain John H. Leonard* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel R. W. Dech* and *Lieutenant Colonel Ellis L. Gottlieb.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray* and *Lieutenant Colonel Robert W. Michels.*

### Opinion of the Court

HOMER FERGUSON, Judge:

A board of review in the office of The Judge Advocate General of the Air Force affirmed the accused's general court-martial conviction of two specifications alleging wrongful possession and sale of a marihuana cigarette, in violation of Article 134 of the Uniform Code of Military Justice, 10 USC § 934. Several issues are presented for our determination, the first of which involves the question of evidentiary sufficiency to support the court's findings as to the specification alleging sale of the marihuana cigarette. As a proper background for consideration of this issue, a brief statement of facts is necessary.

The prosecution offered in proof of the offenses alleged two participants directly concerned with the accused's possession and sale of the marihuana

cigarette. From the testimony we gather that the accused had in the presence of others discussed the pros and cons of "reefer" smoking on several occasions. At these times he had professed an active interest and some personal experience with the drug marihuana. As a result of these discussions, Airman McNeal reported the matter to his superiors. The information was subsequently relayed to the Office of Special Investigations which arranged with McNeal to make a "buy" of marihuana from the accused with a "marked" dollar bill. A dollar was paid by McNeal to the accused with the understanding that upon the exchange of the "reefer" another dollar would be paid. The accused left the base accompanied by another airman and upon his return the following morning, gave McNeal a marihuana cigarette in re-

230

turn for the marked bill. The cigarette was subsequently surrendered to the agents and the accused was apprehended. The marked bill was found in his possession. The cigarette when analyzed was determined to have contained marihuana.

The accused elected to take the stand in his own defense and vigorously denied any complicity with the possession or sale of the "reefer." Although admitting that the subject of marihuana had been frequently discussed, he testified that he had never bought or given McNeal "any marihuana in . . . [his] life." He explained that the marked bill found in his possession at the time he was apprehended represented part of a sum of money he had borrowed from McNeal. A pretrial statement of the accused introduced by the defense was consistent with his testimony at trial.

The board considered the question of sufficiency of the evidence in its memorandum opinion. It had been argued that the evidence did not prove a sale of marihuana, but instead had established that the accused had acted as an agent for McNeal in the procurement of the cigarette. In deciding the issue adversely to the accused, the board said:

". . . The sole evidence relative to the character of the transaction between accused and Airman M, the alleged vendee, is the testimony of Airman M. Concededly, there are matters within that testimony which, considered out of context, would give some slight support to appellate·defense counsel's contention. However, throughout his testimony Airman M referred to his part in the transaction as a 'purchase' (R 8, 10–13). None of his testimony is in any way inconsistent with that characterization. The manner in which the money and narcotic were exchanged indicates that the transaction was a sale. Further, the record is completely devoid of any indication that either of the parties to the transaction believed accused to be acting for Airman M."

The same contention made before the board is urged here. Appellate·defense counsel are willing to concede that McNeal bought a marihuana cigarette. It is also conceded that the evidence "points unerringly to the conclusion that the appellant acted for Airman McNeal in purchasing the marihuana cigarette." They insist, however, that the relationship which existed was not one of vendor and vendee, but rather of principal and agent. From this circumstance, it is urged that a conviction of wrongful sale of marihuana cannot be sustained. This contention cannot prevail.

At the outset, it is interesting to note that we are asked to examine an entirely new theory of defense specifically disclaimed before the triers of fact. The accused in sworn testimony completely disavowed any knowledge or action on his part in any dealings even remotely concerning the purchase or sale of marihuana. He may not be heard to argue a theory at variance with that pursued at trial. Unsuccessful trial tactics which have resulted in conviction may not be discarded at the appellate level and a new defense interjected with the hope that success may be forthcoming, and that the conviction may be set aside upon the new defensive theory offered for the first time on appeal. The most recent pronouncement wherein this rule is found is Kahla v United States, 243 F2d 128 (CA5th Cir) (1957). The appellant there was convicted of unlawful possession and sale of migratory game birds. Testifying in his own behalf, he admitted the possession and sale as charged and found, but based his defense solely and entirely upon the claim that he was entrapped by undercover agents of the Government. On proper instructions the jury found against him. He appealed his conviction to the Court of Appeals contending that the evidence was insufficient to prove that the birds were migratory and that he committed the offenses charged. In rejecting this contention the court said that the position deliberately taken by the appellant in the trial court could not be departed from on appeal. In Pearson v United States, 192 F2d 681 (CA6th Cir) (1951), the Court of Appeals for the Sixth Circuit, stated the rule in the following manner:

"... To state the general rule, it is well settled that the theory upon which the case was tried in the court below must be strictly adhered to on appeal or review; and in order to determine the theory of a case as presented to the trial court, the appellate court will look to the entire record and the briefs of counsel, and will construe the pleadings on the theory most clearly outlined by the facts stated and according to their general scope and tenor."

The Court of Appeals for the Ninth Circuit had this to say about the rule in Smith v United States, 173 F2d 181 (CA9th Cir) (1949):

"It is without question true that in a criminal case the ultimate issue is the guilt or innocence of the accused, to be determined by a fair trial and not the competence of counsel, but it cannot serve the purpose of justice to permit a defendant to prosecute one theory in the trial court and, finding it unsuccessful, not only to substitute another on appeal but to claim error arising out of that which he himself has invited." [For similar holdings by this Court, see United States v Blevens, 5 USCMA 480, 18 CMR 104; United States v Jackson, 4 USCMA 294, 15 CMR 294; United States v Bowers, 3 USCMA 615, 14 CMR 33, and United States v Mundy, 2 USCMA 500, 9 CMR 130.]

A well-recognized exception to the rule, however, exists in criminal cases where the alleged error would result in a miscarriage of justice, Moore v United States, 161 F2d 932 (CA5th Cir) (1947), or would "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v Atkinson, 297 US 157, 56 S Ct 391, 80 L ed 555. An appellate tribunal may always determine whether such has occurred. Giles v United States, 144 F2d 860 (CA9th Cir) (1944). Of course it is understood that irrespective of what defensive theory is relied on at the trial level, an accused who has pleaded not guilty may always urge on appeal that the evidence of record is insufficient as a matter of law

**232**

to sustain the conviction. In this respect the question of evidentiary sufficiency is necessarily an issue in every case. The accused here, however, now concedes that he acted for McNeal in purchasing the cigarette while before the court-martial he emphatically denied any connection whatever with the incident. Nothing has been called to our attention to indicate any unfairness in the proceedings, and we have carefully examined the evidence of record and are satisfied that sufficient credible evidence exists from which the court-martial could have found the accused guilty beyond a reasonable doubt of the offenses charged. Holland v United States, 348 US 121, 75 S Ct 127, 99 L ed 150.

II

Turning now to the second issue raised, it is alleged that the law officer erred in ruling that defense counsel could not state the facts of the cases presented in argument on his motion for a finding of not guilty. Briefly, the defense counsel during the course of cross-examination of the witness McNeal made a motion for a "not guilty verdict" on the ground that evidence of entrapment had been shown. The law officer refused to rule on the motion prior to the completion of the prosecution's case. The motion was again placed before the court in the early stages of the defense's case and after some verbal exchange over whether the motion should be argued in open court or not, the ensuing colloquy took place:

"DC: . . . I would desire to argue in open court, and I would present in substantiation of the defense's case in this matter. Case of United States versus Thomas Smith, Jr., 3036429, U. S. Navy, Navy Court-Martial 295, in 14 Court-Martial Reports, Page 524. The first and only headnote of this case has the following statement: 'The accused was convicted of wrongfully attempting to procure a habit-forming drug and of wrongfully having in his possession a habit-forming drug. The evidence showed that a witness for the . . .'

"TC: I object to counsel reading the whole case.

"LO: The objection is sustained.

You may not state the facts, but may argue the law."

The law officer's ruling that defense counsel must refrain from citing the facts of the cases relied upon when arguing upon the motion for a finding of not guilty is the focal point of the error assigned. It is un- questionably improper for counsel to argue facts of other cases to a court-martial. 53 Am Jur, Trial, §§ 489, 494. The reason for the rule is founded on the salutary principle that a jury must render its verdict solely on the basis of the evidence presented at trial. Experience has shown that reference to facts contained in other cases tends to confuse the jury and obscure the real questions in issue. Baush Mach. Tool Co. v Aluminum Co. of America, 79 F2d 217 (CA2d Cir) (1935). By the same token, permitting counsel to argue legal authorities to a court-martial is also "frowned upon." United States v Fair, 2 USCMA 521, 10 CMR 19. Accord, United States v McCauley, 9 USCMA 65, 25 CMR 327. The reason for the rule, however, ceases to ex- ist where counsel's argument is directed to the law officer in support of a motion seeking appropriate relief. In those circumstances, it is entirely proper for counsel to present not only favorable legal authorities but also the facts upon which those authorities are predicated. As any lawyer well knows, a holding contains but slight significance unless the facts upon which that holding are based are known and understood. Where such argument is directed to the law officer the preferred practice is for the argument to be held out of the presence of the court-martial members.

In the instant case, however, the defense motion was for a finding of not guilty upon which the law officer must rule subject to objection by any member of the court. Article 51(b), Uniform Code of Military Justice, 10 USC § 851. Argument on such a motion as well as on the question of an accused's sanity should be heard by the court-martial even though addressed to the law officer who makes the initial ruling. Cf. United States v Leibold, 6 CMR 631. If there is no objection by any member of the court to the law officer's ruling on these limited issues, the ruling is final. Paragraphs 57*d*, 71*a*, 122*b*, Manual for Courts-Martial United States, 1951. However, if any member of the court objects to the law officer's ruling, the issue must be submitted to the court and decided by a vote of the members in closed session. It follows, therefore, that in certain circumstances—motion for a finding of not guilty or the question of the accused's sanity—the members of a general court-martial are the triers of the fact and, in effect, of the law as well. Article 51 (b), supra. United States v Williams, 5 USCMA 197, 17 CMR 197. It would be a cumbersome procedure to require in these situations that counsel present his argument twice—once before the law officer and again before the court.

Here, the law officer expressly inquired whether counsel desired "to argue this matter before the court." Counsel indicated that he did and proceeded to argue in the court's presence. The law officer therefore should have permitted counsel to include in his argument in support of the motion the facts upon which his legal citations were based. Although the law officer erred in restricting counsel's argument on the motion, it still remains to be considered whether the accused was prejudiced by such error.

The accused had pleaded not guilty and steadfastly maintained that he had not participated in any manner in obtaining the marihuana cigarette for McNeal. Furthermore, his protestations of innocence were consistent with his pretrial statement. It is well recognized that the de- fense of entrapment is not available to one who denies commission of the offense. United States v McGlenn, 8 USCMA 286, 24 CMR 96. The invocation of the defense necessarily assumes that the act charged was committed. Nutter v United States, 289 Fed 484 (CA4th Cir) (1923). See also Rodriguez v United States, 227 F2d 912 (CA5th Cir) (1955). The situation which was pre-

sented in the case of United States v Kaiser, 138 F2d 219 (CA7th Cir) (1944), is remarkably similar to that presented in the instant case. There, the defendant was found guilty of violating the Harrison Narcotic Act. In the lower court, his principal defense was based on a claim of alibi. Testifying in his own behalf, he specifically denied that he had made the sales as charged, or that he had at any time had transactions with the purchasers. When all the evidence had been submitted, he moved the court to instruct the jury to return a verdict of not guilty. No question of entrapment had been raised and the court's charge to the jury made no reference thereto. On appeal, however, the accused contended that the evidence affirmatively showed that he had been entrapped. In rejecting the defendant's contention, the court said:

"To countenance the contention made in this court would license a defendant to play hide and seek with the courts. It would permit him, after suffering an adverse decision on one defense in the lower court, to invoke another in the appellate court. The situation is further aggravated in the instant appeal from the fact that the defense sought to be invoked is inconsistent with that relied upon below. The defense of entrapment is a concession that the crime has been committed, but the law invokes an estoppel against the government because of the conduct of its officers. Sorrells v. United States, 287 U. S. 435, 445, 53 S. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249. It is difficult to conceive of a competent attorney arguing to a court and jury that the defendant did not make the alleged sales, but, if so, he was entrapped."

We have carefully reviewed the evidence presented on behalf of the prosecution and conclude that the defense of entrapment was not raised and the accused was not entitled to a directed verdict on that basis.

Assuming, however, for the sake of argument, that the law officer erred in denying the defense's motion, the accused was still not prejudiced for his own evidence cured any possible claim

**234**

of error. The accused's own testimony clearly eliminated any question of the issue of entrapment being raised. Cf. United States v Shell, 7 USCMA 646, 23 CMR 110. In Leyer v United States, 183 Fed 102 (CA2d Cir) (1910), it was held the accused could not complain if the trial court erroneously denied his motion when made, because the conviction was sustainable by reference to the entire record. In pertinent part, the court there said:

". . . If the whole record indicates that a verdict of guilty was justified, it is immaterial that evidence essential to conviction was voluntarily introduced by defendant himself. There is no force in the contention that the denial of the motion to direct acquittal at the close of the case for the prosecution 'would in effect shift the burden of proof, and the defendant would be compelled to go forward and prove his innocence before the prosecution had succeeded in proving his guilt.' Defendant was not compelled to go forward. If the prosecution failed to make out its case, he would quite safely rest upon his exception, knowing that, even if the jury should find a verdict against him on such incomplete proof, it would be promptly set aside." [See also United States v Goldstein, 168 F2d 666 (CA2d Cir) (1948).]

We conclude therefore, that though the law officer erred in limiting defense counsel's argument on the motion for a finding of not guilty, such error could not have prejudiced the accused.

III

The remaining issues raised relate exclusively to matters contained in the post-trial review. In the section of the review labelled "Discussion," the staff judge advocate stated:

"c. The convictions in this case are based essentially upon the testimony of Airman McNeal who testified that the cigarette (Pros Ex 2) which he turned over to Special Agent Noll was obtained from the accused. McNeal testified that in exchange for the cigarette he had given the accused the marked one-dollar bill. However,

the accused professed his innocence and claimed that he had borrowed the money from McNeal to shoot dice. The testimony of McNeal is corroborated to some degree by Ellison's testimony concerning conversations with the accused about a 'stick' for McNeal. The court saw and heard the witnesses, received proper instructions, and, as was its prerogative, elected to disbelieve the accused and found him guilty as charged. '*It is universally recognized that the weight of the evidence and the credibility of witnesses is a matter for the triers of fact to determine. See Manual for Courts-Martial, United States, 1951, paragraph 74a.*'" [Emphasis supplied.]

The italicized portion of the above advice had no place in the review and brings the case within our holdings in United States v Grice, 8 USCMA 166, 23 CMR 390, and United States v Johnson, 8 USCMA 173, 23 CMR 397. In those cases we held that it was error for a staff judge advocate to advise a convening authority in effect that he was bound by the court-martial's findings. The convening authority, of course, is not so bound, and in order to approve findings of guilt he must be satisfied of the accused's guilt beyond a reasonable doubt. United States v Fields, 9 USCMA 70, 25 CMR 332. The advice contained in the instant case was capable of misleading the convening authority to the accused's prejudice. United States v Jenkins, 8 USCMA 274, 24 CMR 84.

Under another section of the review entitled "Clemency," the reviewing officer summarized the information obtained from the accused's personnel records and the recommendations of his military superiors. Also summarized was a pretrial interview with the accused conducted by the assistant staff judge advocate who had prepared the review. He noted that during the interview the accused "professed his innocence and claimed that he was framed by McNeal and Ellison." In a later section of the review the reviewer, after remarking that the accused had "repeatedly professed his innocence" set forth the following pretrial statement obtained from one Airman Third Class Clyde L. Blish, who had not been called as a witness at trial:

"About three weeks ago, A/3C WILLIAM J. McNEIL, a friend of mine, told me while we were in the Mess Hall one morning that A/3C BOUIE had promised to buy him a stick of marijuana. I told McNeil if I ever caught him with marijuana or any other sort of dope, I would turn him into the First Sgt and BOUIE into the CO, if BOUIE had sold it to him. Later that same morning, I told BOUIE that he had better not get McNeil started on marijuana. McNeil and I argued awhile as to whether reefers were marijuana or not. I have been in Korea and I know reefers are the same as marijuana and I know what the stuff can do to a person. I think this pretty well shook up BOUIE and he told McNEIL that one of them wouldn't hurt him. BOUIE told me he started using marijuana while he was in New York. Since then I have asked BOUIE to let me see underneath his arms because he acts as if he is really on the stuff. He wouldn't show me his arms."

The accused submits that the staff judge advocate erred by advising the convening authority of Airman Blish's statement. We believe the contention is well taken. In the leading case of United States v Duffy, 3 USCMA 20, 11 CMR 20, this Court held that a convening authority could not consider evidence outside the record of trial in affirming an accused's conviction. We said that a review confined to the record adduced at trial is "safely within the guaranty of military due process of law." Although the matter here complained of was physically located in the section of the review dealing with clemency, it had in fact nothing to do with the appropriateness of sentence but was a matter which goes to the question of guilt or innocence. Cf. United States v Wilson, 9 USCMA 223, 26 CMR 3. It was error for the staff judge advocate to include this matter in the review.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for reference to another convening authority for further proceedings pursuant to Articles 61 and 64 of the Code, supra, 10 USC §§ 861 and 864. It is so ordered.

Judge LATIMER concurs.

Chief Judge QUINN concurs in the result.