UNITED STATES, Appellee

v

LEWIS G. YOUNG, Private E–2, U. S. Army, Appellant

9 USCMA 452, 26 CMR 232

No. 10,851

Decided July 11, 1958

*First Lieutenant Frank J. Lane, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Captain John F. Christensen* and *Major Frank C. Stetson*.

*First Lieutenant John E. Riecker* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *First Lieutenant Chester F. Relyea*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused entered a plea of guilty to four specifications alleging violations of the Uniform Code of Military Justice. Two are laid under Charge II as a violation of Article 107, 10 USC § 907. In substance each alleges that the accused signed an official record containing a false statement which he knew to be false. It is now contended that the specifications do not state an offense under Article 107 because neither contains an allegation of an intent to deceive.[1]

A plea of guilty to a specification admits only the facts set out therein. United States v Petree, 8 USCMA 9, 23 CMR 233; United States v Fout, 3 USCMA 565, 13 CMR 121. Neither specification expressly alleges an intent to deceive. However, we pointed out in United States v Sell, 3 USCMA 202, 206, 11 CMR 202, that a specification will withstand a claim of insufficiency "if the necessary facts appear in any form or by fair construction" of the facts alleged.

An official statement provides the basis upon which official decisions are made. It is perhaps conceivable, but highly improbable, that a person who makes an official statement intends that it be regarded as a joke or some other officially meaningless act. On the contrary, the natural inference from the fact of officiality is that the statement is intended to be relied upon by others. And if the statement is known to be false at the time it is made, it can fairly be implied that the person who makes the statement has an "intent to deceive." We conclude, therefore, that despite the absence of the specific words from the specification, the allegations are sufficient to include an intent to deceive, and, therefore, state an offense under Article 107 of the Uniform Code.

For his second claim of error the accused contends that he was prejudiced by the failure of the staff judge advocate to accord him an opportunity to rebut new, adverse matter contained in the post-trial review. For the most part the adverse matter is simply an expression of the staff judge advocate's personal opinion of the accused. Thus, he indicates that he found the accused to be "a dull, shiftless individual of below average appearance and intelligence." The staff judge advocate also observed that the accused's protestations of remorse "were not at all compelling nor convincing." Other of the legal officer's remarks simply constitute fair comment on the offenses of which the accused was convicted. The only significant statement of "new" matter is that the accused "forced on society the burden of caring for his illegitimate offspring." Considering all the circumstances of the case, including the fact that the sentence imposed by the court was reduced by half in accordance with a pretrial agreement, we conclude that the new adverse matter did not prejudice the accused before the convening authority. United States v Taylor, 8 USCMA 24, 23 CMR 248.

The decision of the board of review is affirmed.

---

[1] Article 107 provides as follows: "Any person subject to this chapter who, with intent to deceive, signs any false record, return, regulation, order, or other official document, knowing it to be false, or makes any other false official statement knowing it to be false, shall be punished as a court-martial may direct."

LATIMER, Judge (concurring in the result):

I concur in the result.

A plea of guilty admits all the facts well pleaded and, if an offense is stated, it matters not which sec tion of the Code is men tioned in the charge. That is not a substantial part of the offense. In the case at bar, an offense prohibited by Title 18, United States Code, § 1001, was in fact alleged and, if Article 134 of the Uniform Code of Military Justice, 10 USC § 934, embraces that crime, then the substitution is permissible, provided the accused was not misled in his plea. In United States v Olson, 7 USCMA 460, 22 CMR 250, we said:

> "Paragraph 27, page 30, of the present Manual provides: 'Neither the designation of a wrong article nor the failure to designate any article is ordinarily material, provided the specification alleges an offense of which courts-martial have jurisdiction.' And we have followed that admonition on several occasions. United States v Deller, 3 USCMA 409, 12 CMR 165; United States v O'Neil, 3 USCMA 416, 12 CMR 172. The theory under which we have proceeded is not difficult of comprehension, for it comes to no more than the principle that whether or not an offense has been alleged depends upon the facts alleged, and the factual allegations are to be found in the specifications, not in the designation of the charge or Article. If the facts are stated by the specifications in such a way that the accused is fully advised of the crime he has committed, is not misled in his defense, and the facts alleged amount to an offense under the law in existence at the time when the acts occurred, the misnomer is immaterial. United States v Sell, 3 USCMA 202, 11 CMR 202."

Article 134, supra, proscribes crimes and offenses not capital, and we have interpreted that proscription to include those acts of misconduct which are prohibited by Federal statutes. United States v Long, 2 USCMA 60, 6 CMR 60. Neither party disputes the proposition that the allegations of the specifications are sufficient to allege an offense under Section 1001, supra, if the agency of the United States is identified with sufficient particularity. I have no doubt that within the confines of the specification, it is readily ascertainable that the Department of the Army was the agency defrauded.

The question concerning the increase in the maximum sentence if a substitution is permitted is unimportant in this setting. The yardstick used by the court-martial could not have been greater than the maximum permitted by the limitations imposed by the President for a violation of Article 107. Obviously if, because of a designation of the wrong Article, an accused was led to believe he was pleading guilty to an offense carrying a maximum sentence of one year when the court-martial was allowed to consider a greater maximum, then he would be prejudiced. However, no such question is presented by this record. Moreover, I have grave doubts that the punishment for a violation of Section 1001, properly pleaded under Article 134, supra, could exceed that imposable for making a false official statement under Article 107 of the Code.

I do not believe my views are at variance with those expounded in United States v Norris, 2 USCMA 236, 8 CMR 36. There, for many reasons which are set out in the opinion, we concluded that when Congress enacted Article 121, Uniform Code of Military Justice, 10 USC § 921, it pre-empted the field insofar as all wrongful takings were concerned. Those reasons are not present in the instant case, and I find no justification for a belief that Congress, when it enacted Article 107 of the Code, intended to exempt military personnel from the offenses prohibited by Section 1001. Without some clear indication to the contrary, statutes protecting the Government from the use of false statements before its agencies apply equally to all persons.

For the foregoing reasons, I concur with the Chief Judge in affirming the findings and sentence.

FERGUSON, Judge (dissenting):

The accused entered a plea of guilty

454

to two specifications which alleged that he had signed an official record knowing the same to be false, in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907. Neither specification alleged the essential element that the accused acted with intent to deceive. In United States v Fout, 3 USCMA 565, 13 CMR 121, we held that every essential element of an offense sought to be charged must be alleged either directly or by clear implication. Accord, United States v Karl, 3 USCMA 427, 12 CMR 183. It is clear, therefore, the specifications in question are insufficient to support findings of guilt under Article 107 of the Code, supra.

The specifications also fail to allege offenses cognizable under Article 134 of the Code, supra, 10 USC § 934. In United States v Norris, 2 USCMA 236, 8 CMR 36, we made it clear that we would not grant to the services unlimited authority to eliminate vital elements from offenses expressly defined by Congress and permit the remaining elements to be punished under the general Article. In the past we have consistently adhered to this sound principle and I regret the majority's departure from it in the absence of some compelling reason. Cf. United States v Johnson, 3 USCMA 174, 11 CMR 174; United States v Rios, 4 USCMA 203, 15 CMR 203.

I also cannot accept the Government's contention that the specifications were sufficient to allege violations of 18 USC § 1001, as an offense not capital under Article 134 of the Code, supra. Section 1001 proscribes the making of any "false, fictitious or fraudulent statement" in a matter within the jurisdiction of any department or agency of the United States. Materiality of the representation must be established. Freidus v United States, 223 F2d 598 (CA DC Cir) (1955). It is not clear, however, whether materiality must also be alleged in the indictment. United States v Larocca, 245 F2d 196 (CA DC Cir) (1957); Weinstock v United States, 231 F2d 699 (CA DC Cir) (1956). If such an allegation is required—a question which I need not decide at this time—the specifications here would be deficient because they do not allege materiality. In any case the question of materiality is a substantial one which was not presented by the original designation of the statute allegedly violated.

Furthermore, I consider it a rather anomalous situation—to say the least—to substitute a five-year offense (18 USC § 1001) for an offense punishable by only one year (Article 107 of the Code, supra). To me, this case represents the "defective, careless, and misleading pleading" which this Court refused to sanction in United States v Rios, supra. I see no reason why we should sanction it now. I would dismiss Charge II and its specifications and permit the board to reassess an appropriate sentence on the basis of the remaining approved findings.