**UNITED STATES, Appellee**

v.

**Garnet A. BULLER, Airman, U.S. Air Force, Appellant.**

No. 96–0232.
Crim.App. No. 31265.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 5, 1997.

Decided Aug. 25, 1997.

For Appellant: *Captain Tishlyn Taylor* (argued); *Colonel David W. Madsen* and *Major Ormond R. Fodrea* (on brief).

For Appellee: *Major Allen G. Erickson* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief).

*Opinion of the Court*

EFFRON, Judge:

At his general court-martial, appellant pleaded guilty to separate specifications of use and distribution of marijuana and use and distribution of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The military judge sentenced him to a bad-conduct discharge, confinement for 15 months, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 12 months and approved the balance of the adjudged sentence. The Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review to consider "whether the staff judge advocate [SJA] erred, in his addendum to his post-trial recommendation to the convening authority, by including new matters without serving the same upon appellant." For the reasons discussed below, we hold that appellant was not prejudiced by the failure to serve the addendum on the defense for comment under the circumstances of this case.

I

After the SJA's post-trial recommendation to the convening authority was served on appellant and his counsel, defense counsel submitted matters for consideration by the convening authority. *See* RCM 1105 and 1106(f), Manual for Courts–Martial, United States (1994 ed.). The defense submission included a letter from appellant in which he acknowledged that both the discharge and

the adjudged reduction in grade were "appropriate" punishments. He requested that the period of confinement be reduced to 6 months, however, in view of the assistance that he had provided to law enforcement authorities. Appellant also requested that the sentence to total "forfeitures be reduced to $500 a month." He explained that he had debts to "honorable people" totaling $1,500 and that he made "payments of $100 a month to these creditors." He requested the reduction in adjudged forfeitures so that he would not become "financially irresponsible to these people."

On May 3, 1994, the SJA signed an addendum to his earlier recommendation in which he addressed appellant's request for clemency. In his comment on appellant's clemency request with respect to forfeitures, the SJA noted that

> forfeitures do not take effect until you sign the action, so that the accused has received his pay of over $900 per month since his trial and confinement in January. I see no reason to add to this amount by further reducing his forfeitures.

There is no indication in the record that this addendum was served on the defense before the convening authority approved the sentence as modified to reflect the terms of the pretrial agreement.

## II

Appellant contends that the SJA inserted information regarding his continued receipt of full pay in order to rebut his clemency plea for reduced forfeitures. In that context, according to appellant, the information constituted "new matter" under RCM 1106(f)(7). Under that Rule, if an addendum contains "new matter," the defense must be provided with notice and an opportunity to respond before the convening authority takes action on the sentence. *See* RCM 1107(b)(3)(A).

RCM 1106(f)(7) does not define the term "new matter," and this Court has not sug- gested a comprehensive definition. The non-binding Discussion accompanying the Rule provides a number of illustrations of new matter, which this Court has cited with approval, such as "the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed." *See United States v. Chatman,* 46 MJ 321, 323 (1997); *United States v. Leal,* 44 MJ 235, 236 (1996). The non-binding Discussion also notes that "'[n]ew matter' does not ordinarily include any discussion by the staff judge advocate ... of the correctness of the initial defense comments on the recommendation."

Under the circumstances of this case, it is not necessary for us to attempt a more precise definition or to determine whether the material constituted "new matter" under RCM 1106(f)(7). Assuming for purposes of our discussion that the information constituted "new matter" that should have been served on the defense, we conclude that appellant was not prejudiced by the failure to do so.

The essence of the SJA's statement in this case is that the accused continued to receive pay and allowances during the period between the court-martial and the convening authority's action. This statement reflected the routine administration of the sentence under the law in effect during the trial and initial review of this case.[1] Under certain circumstances, it is possible that such neutral information could be used in an addendum in such a way that failure to provide the defense with an opportunity to comment would be prejudicial to an accused. For example, if the information is believed to be "erroneous, inadequate, or misleading," *see United States v. Narine,* 14 MJ 55, 57 (CMA 1982), then failure to serve the addendum on the defense could be viewed as prejudicial.[2]

There is no reason for us to conclude that this is such a case. The SJA's comments

---

1. The recent changes to Article 57, Uniform Code of Military Justice, 10 USC § 857, permitting forfeiture of pay or allowances to take effect 14 days after the sentence is adjudged unless deferred by the convening authority, did not take effect until April 1, 1996. *See* § 1121(b) of the Military Justice Amendments of 1995, Pub.L. No. 104–106, 110 Stat. 462.

2. The requirement in RCM 1106(f)(7) to serve "new matter" on the accused for comment "is based on *United States v. Narine,* 14 MJ 55 (CMA

responded to an issue raised by appellant—his need for funds—by describing the routine and direct consequences of a court-martial sentence. Because this matter involved appellant's pay and financial situation, he is in the best position to tell this Court whether the SJA's otherwise neutral comments were erroneous, inadequate, or misleading (*e.g.*, that he did not, in fact, receive his full pay after trial and before the convening authority's action). No such showing has been made.

The essence of RCM 1106(f)(7) is fair play—providing the accused with notice of new issues or new information raised by the SJA and an opportunity to respond. In general, we have presumed prejudice when the defense has not been provided with notice of new matter and an opportunity to respond, *see Leal, supra* at 237,[3] but we have not engaged in such a presumption when the information is neutral or "trivial." *See United States v. Jones*, 44 MJ 242, 233–44 (1996). Neither the rule nor our precedents require otherwise.

## III

The decision of the United States Air Force Court of Criminal Appeals is affirmed.[4]

Chief Judge COX and Judges CRAWFORD and GIERKE concur.

SULLIVAN, Judge (concurring):

I am troubled by the number of cases raising the "new-matter" question with respect to supplemental staff judge advocate (SJA) post-trial recommendations. Times have changed since 1982 and the decision of this Court in *United States v. Narine*, 14 MJ 55. Moreover, even accepting Chief Judge LeTarte's efficiency concerns as originally expressed in *United States v. Meyer*, 1 MJ 755, 756 (AFCMR 1975), this Court's repeated tasking with determining what is "new matter" calls out for a new approach. Consistent with modern federal practice on presentence reports, I conclude that defense counsel should be provided a fair opportunity to review, comment upon, and object to any information or material contained in an SJA's addendum before the convening authority acts.

Fed.R.Crim.P. 32(b)(6) states:

(6) Disclosure and Objections.

(A) Not less than 35 days before the sentencing hearing—unless the defendant waives this minimum period—the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government. The court may, by local rule or in individual cases, direct that the probation officer not disclose the probation officer's recommendation, if any, on the sentence.

(B) Within 14 days after receiving the presentence report, the parties shall com-

---

1982)." Drafters' Analysis, Manual for Courts-Martial, United States (1994 ed.) at A21–78.

3. In *United States v. Chatman*, 46 MJ 321 (1997), we addressed the question of the applicable appellate standard when the staff judge advocate fails to serve the defense with an addendum containing new matter. We held that, "for all cases in which a petition for review is filed after the date of" the *Chatman* decision, "we will require appellant to demonstrate prejudice by stating what, if anything, would have been submitted to 'deny, counter, or explain' the new matter.... We believe that the threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and 'we will not speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment. *Jones, supra*

at 244; *see United States v. DeGrocco*, 23 MJ 146, 148 (CMA 1987)." 46 MJ at 323–324.

4. Although we have not found prejudicial error in this case, we note that the potential remains for substantial appellate litigation in future cases over issues such as whether the addendum interjects a new issue, whether the information is neutral, and, if so, whether it has been presented in a manner that is erroneous, inadequate, or misleading. Such litigation can be avoided through the relatively simple process of serving the addendum on the accused in all cases, regardless whether it contains "new matter." Under current rules, however, the decision as to whether all addenda should be served rests with the SJA, and the decision as to whether the rule should be changed to eliminate this source of appellate litigation rests with those responsible for rulemaking in the Executive Branch.

municate in writing to the probation officer, and to each other, any objections to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the presentence report. After receiving objections, the probation officer may meet with the defendant, the defendant's counsel, and the attorney for the Government to discuss those objections. The probation officer may also conduct a further investigation and revise the presentence report as appropriate.

(C) Not later than 7 days before the sentencing hearing, the probation officer must submit the presentence report to the court, together with an addendum setting forth any unresolved objections, the grounds for those objections, and the probation officer's comments on the objections. *At the same time, the probation officer must furnish the revisions of the presentence report and the addendum to the defendant, the defendant's counsel, and the attorney for the Government.*

(D) Except for any unresolved objection under subdivision (b)(6)(B), the court may, at the hearing, accept the presentence report as its findings of fact. For good cause shown, the court may allow a new objection to be raised at any time before imposing sentencing.

(Emphasis added.)

Legal commentators have noted the origin of this policy of basic fairness in this analogous matter.

### [c]—Objections to Presentence Report.

The most significant changes to Rule 32, insofar as the 1994 amendments are concerned, relate to the provisions involving the procedure for resolving objections to the material contained in a presentence report.

Under subdivision (b)(6)(B), within 14 days after receiving the presentence report, the parties must "communicate in writing to the probation officer, and to each other, any objections to any material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the presentence report." The subdivision then provides that after receiving the objections, the probation officer may meet with the parties to discuss the objections and further allows the probation officer to conduct a supplemental investigation and revise the presentence report, as deemed appropriate.

The presentence report must be submitted to the court not later than 7 days before the sentencing hearing. Additionally, the probation officer is mandated to submit "an addendum setting forth any unresolved objections, the grounds for those objections, and the probation officer's comments on the objections."

Subdivision (b)(6)(C) further imposes a duty upon the probation officer to furnish the addendum and any revisions of the presentence report to the defendant, defense counsel and the prosecution not later than 7 days before the sentencing hearing. The court, however, is permitted to allow new objections to be raised at any time before imposing sentence, for good cause shown. Except for any unresolved objections, the court may treat all other information in the presentence report as its findings of fact.

According to the Advisory Committee Notes to the 1994 amendments, the time limitations set forth above were intended to provide for early resolution of disputes and thereby avoid delays in sentencing. The 1994 amendments were also designed to provide fair opportunity for all parties to review, comment upon and object to information or material contained in the presentence report, in advance of the sentencing hearing. The 1994 amendments do not, however, truncate the discretionary powers of the court to hear evidence, at the sentencing hearing, regarding matters which remain controverted and unresolved.

8A J. Moore, *Moore's Federal Practice* § 32.07[9][c] (2d ed. 1996 rev.) (footnotes omitted).

Basic due process as reflected in *United States v. Goode,* 1 MJ 3 (CMA 1975), requires that our decision in *United States v. Narine, supra,* be modified to require service

of a supplemental recommendation on the defense *in all cases*. *See United States v. Alvarado*, 909 F.2d 1443, 1446 (10th Cir. 1990); *see also United States v. Garcia*, 78 F.3d 1457, 1465 (10th Cir.1996); *see generally* Fed.R.Crim.P. 32(c)(3)A and (b)(6), and 8A *Moore's Federal Practice, supra,* § 32.07[ (6) ] (disclosure of presentence reports to defendant and counsel). Enough of this *ex parte* justice! *See United States v. Leal*, 44 MJ 235, 240–41 (1996) (Cox, C.J., dissenting in part and concurring in the result).