**UNITED STATES**

**v.**

**Brian S. TROSPER, 340 60 5257, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 96 01590.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 23 Jan. 1996.

Decided 31 Oct. 1997.

Maj Stephen D. Chace, USMC, Appellate Defense Counsel.

LCDR Christian L. Reismeier, JAGC, USN, Appellate Government Counsel.

Before CLARK, Senior Judge, SEFTON and WYNNE, Appellate Military Judges.

WYNNE, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response. The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Our reasoning is set out below.

In accordance with his pleas the appellant was convicted of misprision of a serious offense, intentional infliction of grievous bodily harm, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1994) [hereinafter UCMJ]. The appellant does not contest these findings.

 Rather, the appellant asserts that the convening authority improperly considered the comments of the Division Sergeant Major regarding clemency in violation of RULE FOR COURTS-MARTIAL 1107(b)(3)(B)(iii), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.].[2] Specifical-

---

1. I. THE CONVENING AUTHORITY IMPROPERLY CONSIDERED ADVERSE MATTERS FROM OUTSIDE OF THE RECORD AND APPELLANT WAS NOT NOTIFIED OF THE MATTERS OR GIVEN AN OPPORTUNITY TO RESPOND TO THEM, IN VIOLATION OF R.C.M. 1107(b)(3)(B)(iii).

II. A SENTENCE WHICH INCLUDES AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE IN THIS CASE WHERE APPELLANT NOT ONLY STOPPED THE ASSAULT ON SA SIMONEAU, BUT HE WAS ALSO NOT AWARE THAT SA SIMONEAU WAS SERIOUSLY INJURED WHEN HE CONCEALED THE CRIME, AND WHERE APPELLANT HAD AN EXEMPLARY RECORD OF SERVICE PRIOR TO THIS INCIDENT. (References omitted.)

2. The comments of the Division Sergeant Major were attached to the record of trial. For convenience, we set them out below in their entirety:

From: Sergeant Major
To: Commanding General, 3d Marine Division
Subj: ADDENDUM TO THE GCM CASE OF LCPL TROSPER B.K. [sic]
1. LCpl Trosper was awarded a BCD as a result of a General Courts Martial. LCpl Tros-

ly, the appellant complains that he was not "notified and given an opportunity to rebut" the Sergeant Major's comments prior to the convening authority's action. *Id.* As a result, argues the appellant, a new convening authority's action is required. Assignment of Errors and Brief at 4, 8.

Military appellate courts have struggled with the consideration of "matters adverse to the accused from outside the record" for more than 40 years.[3] R.C.M. 1107(b)(3)(B)(iii). This history lesson has value only if it gives new intellectual vitality to precedent which shapes our understanding of the Uniform Code of Military Justice. 10 U.S.C. §§ 801–946. *See also United States v. Allbery*, 44 M.J. 226, 227–28 (1996).

The Government takes the untenable position "that [the convening authority] did not consider the [S]ergeant [M]ajor's memorandum when taking action on the case." Answer on Behalf of the Government at 4. When acting on the appellant's court-martial, the convening authority exercised a "command prerogative." R.C.M. 1107(b)(1). *See also* S.REP. No. 98–53, at 19 (1983). We would find it remarkable if a commander did not seek the counsel of his or her trusted advisors in such a weighty matter. The only thing unusual about this case is the attachment of the Sergeant Major's comments to the record of trial, and R.C.M. 1103(b)(3)(I)

appears to require that such formal comments be attached to the record.

Our courts have never considered recommendations from the chain of command designed to enlighten the convening authority's clemency prerogative to be "adverse matter from outside the record which [the accused] had no opportunity to rebut." *Harris*, 9 C.M.A. at 497, 26 C.M.R. at 277. Observations "that the accused's protestations of remorse 'were not at all compelling nor convincing' " and "fair comment on the offenses of which the accused was convicted" are not "significant statement[s] of 'new' matter." *United States v. Young*, 9 C.M.A. 452, 453, 26 C.M.R. 232, 233, 1958 WL 3349 (1958).

The Sergeant Major's comments recommend against clemency, but they contain no substantive matters from outside the record. Instead, the Sergeant Major relied only on the information available to the convening authority including the appellant's clemency request submitted in accordance with R.C.M. 1105 and 1106. *Supra* note 2. *See also Young*, 9 C.M.A. 452, 26 C.M.R. 232.

Even if the Sergeant Major's comments are new matter, recent decisions of the Court of Appeals for the Armed Forces instruct us to "require appellant to demonstrate prejudice by stating what, if anything, would have been submitted to 'deny, counter, or explain' the new matter." *United States v. Chatman*, 46 M.J. 321, 323 (1997).[4]

---

per participated in a premeditated assault on a member of the USN and then attempted to conceal this assault until his apprehension. His basis for suspension of the BCD is that he has acknowledged his crime during the courts martial [sic] and took responsibility for his actions. Part of taking responsibility means he accepts the punishment awarded. I have yet to meet a Marine who was caught, punished, and sentenced and did not say he was sorry. 2. The facts are clear. This Marine participated in a violent assault and failed to report the crime or assist the victim after the assault. He has earned his brig time and his BCD.

/s/
William R. Hancock

3. *Compare United States v. Harris*, 9 C.M.A. 493, 497–98, 26 C.M.R. 273, 277–78, 1958 WL 3359 (1958), *and United States v. Bouie*, 9 C.M.A. 228, 235, 26 C.M.R. 8, 15, 1958 WL 3281 (1958), *with United States v. Buller*, 46 M.J. 467 (1997), *and United States v. Catalani*, 46 M.J. 325 (1997). Even a significant change to the statutory structure has not created a predictable system for

resolving these claims. *Compare* Art. 60, UCMJ, 10 U.S.C. § 860 (1956) (originally enacted as Act of 5 May 1950, Pub.L. No. 506, 64 Stat. 108 (1950)) (as implemented by MANUAL FOR COURTS-MARTIAL, UNITED STATES (1951 ed.), ¶ 85b), *with* Art. 60, UCMJ, 10 U.S.C. § 860 (1994) (as implemented by R.C.M. 1107).

4. The concept that "new matter" must be tested for prejudice is an old one. *Compare United States v. Griffin*, 8 C.M.A. 206, 24 C.M.R. 16, 1957 WL 4688 (1957), *with Buller*, 46 M.J. 467. The term-of-art "new matter" was simply carried forward. Prior to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), "new matter" meant matters from outside the record. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1951 ed.), ¶ 85b. Now "new matter" means matters from outside the record and any post-trial recommendations provided to the accused for comment. *Compare Harris*, 9 C.M.A. 493, 26 C.M.R. 273, *and Bouie*, 9 C.M.A. 228, 26 C.M.R. 8, *with Buller*, 46 M.J. 467, *and Catalani*, 46 M.J. 325. Perhaps some 40 years hence our successors will be discussing

Appellant's counsel eloquently argues that the Sergeant Major's opinion ought to have been more favorable, but similar arguments were presented, just as elegantly, by appellant's trial defense counsel. Detailed Defense Counsel Memorandum regarding Post–Trial Matters dated 29 April 1996. There is no prejudice to the appellant.

■ Nor do we believe that our decision encourages "inherently prejudicial conduct." *Chatman*, 46 M.J. at 324 (Sullivan, J., concurring in part and dissenting in part). Commanders charged with weighty decisions "can solicit and consider the opinions of responsible officers or other persons, military and civilian[.]" *United States v. McCoskey*, 12 C.M.A. 621, 623, 31 C.M.R. 207, 209, 1962 WL 4395 (1962). Unless these recommendations contain substantive information from outside the record of trial and the "appellant makes some colorable showing of possible prejudice," *Chatman*, 46 M.J. at 323–24, we will not require a new convening authority's action.

■ The appellant actively concealed a brutal assault. *See United States v. Hoff*, 27 M.J. 70 (C.M.A.1988). Clemency is not the function of this court, *United States v. Healy*, 26 M.J. 394 (C.M.A.1988), and the sentence, which includes a bad-conduct discharge, is not inappropriately severe. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLARK and Judge SEFTON concur.

"new matter" introduced after the addendum to the addendum.