UNITED STATES, Appellee,

v.

Douglas A. ANDERSON, Jr., Lance
Corporal, U.S. Marine Corps,
Appellant.

No. 99–0911.
Crim.App. No. 97–0058.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 4, 2000.

Decided Aug. 25, 2000.

SULLIVAN, J., delivered the opinion of
the Court, in which GIERKE, and EF-
FRON, JJ., and EVERETT, S.J., joined.
CRAWFORD, C.J., filed a dissenting opin-
ion.

For Appellant: *Lieutenant Hardy Vieux*,
JAGC, USNR (argued).

For Appellee: *Captain Danny R. Fields*,
USMC (argued); *Colonel Kevin M. Sand-
kuhler*, USMC and *Commander Eugene E.
Irvin*, JAGC, USN (on brief).

Judge SULLIVAN delivered the opinion of the Court.

During the summer of 1996, appellant was tried by a military judge sitting alone at a general court-martial at Camp Pendleton, California. In accordance with his pleas, he was found guilty of conspiracy to commit robbery and aggravated assault; unauthorized absence (114 days); and robbery, in violation of Articles 81, 86, and 122, Uniform Code of Military Justice, 10 USC §§ 881, 886, and 922, respectively. He was sentenced to a dishonorable discharge, confinement for 20 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence with some modification of the forfeiture, and the United States Navy–Marine Corps Court of Criminal Appeals affirmed the findings and sentence. *United States v. Anderson,* No. 97–00058, 1999 WL 350826 (N.M.Ct. Crim.App. 27 May 1999). On reconsideration, the appellate court below again affirmed the findings and sentence but pursuant to *United States v. Gorski,* 47 MJ 370 (1997), returned the record to the Judge Advocate General for appropriate action. *United States v. Anderson,* 50 MJ 856 (N.M.Ct.Crim. App. 24 June 1999).

On October 22, 1999, this Court granted review on the following issue:

> WHETHER THE LOWER COURT ERRED IN NOT FINDING THAT THE CHIEF OF STAFF'S APPENDED NOTE TO THE STAFF JUDGE ADVOCATE'S RECOMMENDATION CONSTITUTED "NEW MATTER" NECESSITATING COUNTERVAILING COMMENTARY BY DEFENSE COUNSEL AS REQUIRED BY RCM 1106(f)(7).

We hold that the appellate court below erred in finding that the chief of staff's note did not constitute "new matter" or "matters adverse to the accused from outside the record" under RCM 1106(f)(7) and 1107(b)(3)(B)(iii), Manual for Courts–Martial, United States (1995 ed.).* *See United States v. Cook,* 46 MJ 37, 40 (1997). We further hold that appellant has made a colorable showing of prejudice requiring a new staff judge advocate's recommendation and convening authority's action. *Cf. United States v. Wheelus,* 49 MJ 283, 289 (1998).

The record before us shows that on February 7, 1996, appellant lured the officer of the day (OD) (Staff Sergeant Kern) away from his post on a pretext; and then, while appellant's civilian co-actor lay on the ground feigning being drunk, appellant struck the OD in the back of the head with a 25¼-inch wooden T-ball bat. R. 131–33, 144–52. The victim did not fall after the first blow to the back of his head. *Id.* The bat broke on the second blow, rendering the victim unconscious. R. 133. Appellant fled and then his co-actor took the victim's 9 millimeter service pistol and ammunition clip, both of which were never recovered. R. 133–39, 153. Immediately after this incident, appellant and his co-actor fled the base to the nearby civilian community via a "getaway" car driven by another co-actor. R. 153–54. Appellant remained an unauthorized absentee until he was apprehended on March 22, 1996. R. 124.

As noted above, appellant was found guilty and sentenced on September 26, 1996. The staff judge advocate signed a post-trial recommendation on December 13, 1996, that was duly served on the defense on December 16, 1996. This post-trial recommendation included discussion of a lengthy clemency request submitted by appellant to the convening authority on December 2, 1996. The staff judge advocate attached and summarized the submission, advising the convening authority that he was required to consider it before taking action, and recommended that the sentence be approved as adjudged. The defense did not offer any additional comments or corrections to the recommendation.

■ Although the post-trial recommendation was addressed directly to the convening authority, the chief of staff of the convening authority paperclipped a small note (3 × 3½) to the last page of the recommendation with the following typewritten comment:

From: Chief of Staff

To: Commanding General

*For information.*

---

* The 1998 version of these Manual provisions is unchanged.

*Lucky he didn't kill the SSgt. He's a thug, Sir.* [hand-written]

Very respectfully,

[Chief of Staff's initials]

(Emphasis added.)

The entire package was then forwarded to the convening authority. There is no evidence in the record that the staff judge advocate saw the chief of staff's note or that it was served on appellant or his defense counsel, and the Government has not contested appellant's representation that the note was not so served. On December 27, 1996, the convening authority took his final action, rejected appellant's earlier clemency request for a reduction in confinement, and approved appellant's sentence as adjudged.

———

Appellant asserts that the chief of staff's note appended to the staff judge advocate's recommendation in his case amounted to "new matter" that was not disclosed to him and which he had a right to rebut. *See* RCM 1106(f)(7). He also argues that this note constituted "matters adverse to the accused from outside the record" considered by the convening authority that he had a right to be notified of and to rebut. *See* RCM 1107(b)(3)(B)(iii); Final Brief at 14. The appellate court below held that the chief of staff's comments were neither new nor adverse matters within the meaning of these provisions. Instead, it reasoned that they were "[f]air comments derived from the record of trial about the offenses of which the appellant was convicted"; "the comments contained no substantive information from outside the record; they offered no recommendation or addressed any issue not previously discussed"; and "nothing in the comments was false, misleading, incomplete, or highly detrimental to the accused." *United States v. Anderson,* 50 MJ at 859. We disagree.

RCM 1106(f)(7) states:

(7) *New matter in addendum to recommendation. The staff judge advocate or legal officer may supplement the recommendation after the accused and counsel for the accused have been served with the recommendation and given the opportuni-*ty to comment. *When new matter is introduced after the accused and counsel for the accused have examined the recommendation, however, the accused and counsel for the accused must be served with the new matter and given 10 days from service of the addendum in which to submit comments. Substitute service of the accused's copy of the addendum upon counsel for the accused is permitted in accordance with the procedures outlined in subparagraph (f)(1) of this rule.*

**Discussion**

"New matter" includes discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed. *"New matter" does not ordinarily include any discussion by the staff judge advocate or legal officer* of the correctness of the initial defense comments on the recommendation. The method of service and the form of the proof of service are not prescribed and may be by any appropriate means. *See* RCM 1103(b)(3)(G). For example, a certificate of service, attached to the record of trial, would be appropriate when the accused is served personally.

(Emphasis added.)

The clear intent of this provision is to permit the staff judge advocate or legal officer (not the chief of staff or some other officer in the chain of command) to supplement the staff judge advocate's recommendation. *See generally* Article 6(b), UCMJ, 10 USC § 806(b) ("Convening authorities shall at all times communicate directly with their staff judge advocates or legal officers in matters relating to the administration of military justice...."); *Cooke v. Orser,* 12 MJ 335, 344 (CMA 1982) (noting that Congress intended special relationship between commander and staff judge advocate). The attachment of these comments to the post-trial recommendation without the knowledge or approval of the staff judge advocate was legal error. *See United States v. Hensley,* 52 MJ 391, 393 (2000) (holding that it was error for someone other than ship's legal officer to prepare post-trial recommendation); *United*

*States v. Finster,* 51 MJ 185, 188–89 (1999) (holding that erroneous use of statutorily unqualified person to prepare post-trial recommendation requires new recommendation and action).

Assuming no error as noted above, this Court must still determine whether the chief of staff's note was "new matter" within the meaning of RCM 1106(f)(7). We have not comprehensively defined this term but we have dealt with the issue of "new matter" in several cases. *See United States v. Buller,* 46 MJ 467, 468 (1997). In *United States v. Young,* 9 USCMA 452, 453, 26 CMR 232, 233 (1958), the Court ruled that the staff judge advocate's unserved written opinion that the appellant had "forced on society the burden of caring for his illegitimate offspring" constituted new matter. In *United States v. Catalani,* 46 MJ 325, 327–28 (1997), the Court held that the staff judge advocate's unserved statement of fact that "[a]ll of the matters submitted for your consideration in extenuation and mitigation were offered by the defense at trial; *and the senior-most military judge in the Pacific imposed a sentence that,* in my opinion, was both fair and proportionate to the offense committed" was new matter. (Emphasis added.) In *United States v. Chatman,* 46 MJ 321, 323 (1997), the Court held that the staff judge advocate's referral to the accused's inadmissible second positive urinalysis in his unserved rebuttal to his clemency request was new matter. In each of these cases, our overarching concern was "fair play." *See United States v. Buller, supra* at 469.

We conclude that the note attached to the staff judge advocate's recommendation by the chief of staff was new matter as delineated in this case law. *First,* his comments constituted an opinion on appellant's character submitted after the staff judge advocate's recommendation had been served and signed for by appellant. *See United States v. Young, supra. Second,* his comments were made after appellant submitted a lengthy request for clemency to the convening authority. *Cf. United States v. Chatman, supra. Third,* the comments were made and attached to the staff judge advocate's recom-

mendation by an officer who did not testify at trial and whose stature suddenly became an issue in this case. *See United States v. Catalani, supra* at 328–29. In our view, fair play dictates that the belated comments on appellant's case by a command officer be considered new matter. *See United States v. Cook, supra* at 40 (note extolling experience of military judge as reason for not granting clemency was new matter).

■ The same result is reached under RCM 1107(b), which provides:

(3) *Matters considered.*

(A) *Required matters.* Before taking action, the convening authority shall consider:

(i) The result of trial;

(ii) The recommendation of the staff judge advocate or legal officer under 1106, if applicable; and

(iii) Any matters submitted by the accused under RCM 1105 or if applicable, RCM 1106(f).

(B) *Additional matters.* Before taking action the convening authority may consider:

(i) The record of trial;

(ii) The personnel records of the accused; and

(iii) Such other matters as the convening authority deems appropriate. *However, if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut.*

(Emphasis added.)

The chief of staff's comments that appellant was a "thug" and that he was "lucky" he did not kill the victim were clearly adverse matters from outside the record. These statements were neither neutral nor trivial. *See United States v. Jones,* 44 MJ 242, 243–44 (1996). They constituted an unfavorable opinion on appellant's rehabilitative potential from the second most important officer of the command, a matter of devastating import. *See United States v. Cook,* 46 MJ at 40. Moreover, the chief of staff was not a witness

in this case and his opinion was not otherwise reflected in the record of trial or the recommendation served on appellant. In effect, appellant was denied an opportunity to respond to this post-trial reprimand by the chief of staff. *See United States v. Leal,* 44 MJ 235, 237 (1996).

■ The appellate court below also found that, even if there was error, there was no material prejudice to appellant's substantial rights. *United States v. Anderson,* 50 MJ at 859–60. In *United States v. Chatman,* 46 MJ at 323–24, we required that an appellant "demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter. . . ." (Internal quotation marks omitted.) "[T]he threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and we will not speculate on what the convening authority might have done if defense counsel had been given an opportunity to comment." *Id.* at 323–24 (internal quotation marks omitted); *see also United States v. Cornwell,* 49 MJ 491, 493 (1998).

Here, appellate defense counsel proffers that appellant would have contested his characterization as a "thug" and challenged the chief of staff's assertion that the victim was almost killed. In particular he claimed that appellant would show the victim was not near death at the time of the offense, "returned to duty and was fully deployable." Appellant's Brief at 11. Appellate counsel also points out that appellant received no clemency from the convening authority for his near maximum adjudged sentence (1 and ½ years short of maximum authorized punishment). In light of this Court's low threshold for relief noted above, we conclude appellant was entitled to a new staff judge advocate's recommendation with an opportunity to respond and a new convening authority's action. *Cf. United States v. Cornwell,* 49 MJ at 493. Appellant's conviction must stand; however, he is entitled to an opportunity for sentence relief.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed as to findings and set aside as to sentence. The action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a different convening authority (person) for a new recommendation and action on the sentence.

CRAWFORD, Chief Judge (dissenting):

This case reflects the needless litigation that arises when commanders and their chief legal advisors fail to communicate directly in matters relating to the administration of military justice. *See* Art. 6(b), UCMJ, 10 USC § 806. While "there is nothing in the UCMJ or the Manual for Courts–Martial prohibiting a convening authority from consulting with his subordinate commanders or members of his staff other than his SJA regarding a petition for clemency," *United States v. Cornwell,* 49 MJ 491, 493 (1998), personal opinions, such as the one the chief of staff appended to appellant's post-trial clemency package, are not helpful and can be destructive to our system of military justice. SJAs should remind deputy commanders and chiefs of staff that the decisions as to military criminal law are personal to the convening authority. It would be a far better practice for the SJA to inform these individuals after the commanding general has made his or her decision.

Nonetheless, appellant is entitled to no relief under the facts of this case. While I do not view the chief of staff's gratuitous comments as new matter, these comments are, nonetheless, inappropriate. If the commanding general had given his chief of staff a copy of the staff judge advocate's recommendation and appellant's clemency package, and asked the chief of staff for an oral recommendation, the chief of staff's comments would not have been considered new matter under our holding in *Cornwell.* I do not understand how the non-substantive written remarks of the chief of staff in this case are any different.

Assuming, as does the majority, that the chief of staff's note constituted new matter, I find nothing therein that would have required service on appellant and an opportu-

nity for rebuttal. RCM 1107(b)(3)(B)(iii) provides that "if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut." I view the language used by the chief of staff as a fair inference arising from and based upon the facts contained within the record of trial.

As found by the Court of Criminal Appeals, the staff noncommissioned officer "suffered a fractured skull and a concussion, and he lost his sense of smell and taste." 50 MJ 856, 859. In stating that appellant was "lucky he didn't kill the SSgt," the chief of staff was not attempting to make some extraordinarily revealing medical analysis. In my view, he was merely saying that when one person hits a second person over the head with a baseball bat twice, fractures that person's skull, and gives the victim a concussion, both parties (assailant and victim) are fortunate that a death did not occur. Accordingly, appellant's proposed rebuttal (that the victim was never near death, returned to duty, and was fully deployable) is of no consequence.

Contrary to the majority's view, I do not read the chief of staff's note as saying that the victim was almost killed. Were that the case, I would fully agree that new matter was introduced and appellant would have had the right to comment thereon. There are many people who are "lucky to be alive." "Lucky to be alive" is not synonymous with "almost killed."

Accordingly, because I see no substantive new matter introduced by the chief of staff or find any error prejudicial to appellant's substantial rights, I respectfully dissent. *United States v. Cornwell, supra;* Art. 59(a), UCMJ, 10 USC § 859(a).