# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32553**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Donovan L. JACKSON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 August 2019

————————————

*Military Judge:* W. Shane Cohen.

*Approved sentence:* Bad-conduct discharge, confinement for 40 days, reduction to E-1, and a reprimand. Sentence adjudged 24 September 2018 by SpCM convened at Shaw Air Force Base, South Carolina.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

Appellant was convicted, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of two specifications of assault consummated by a battery of Airman First Class (A1C) TH, by unlawfully touching her buttocks, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 928.[1] A military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for 40 days, reduction to the grade of E-1, and a reprimand. The PTA did not affect the sentence adjudged as it contained no sentence cap provisions. The convening authority approved the sentence as adjudged.

## I. BACKGROUND

This case was submitted for our review on its merits without assignment of error. Upon our review, we noted two issues that warrant discussion: (1) whether the staff judge advocate's recommendation (SJAR) misstated the maximum punishment in a special court-martial; and (2) whether the addendum to the SJAR contained new matter that was not properly served upon Appellant and his counsel. We briefly address each issue.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted).

"Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Scalo*, 60 M.J. at 436). The threshold for establishing prejudice from errors impacting an appellant's request for clemency from the convening authority is low, even in the context of plain error analysis, but there must be "some 'colorable showing of possible prejudice.'" *Id.* (quoting *Scalo*, 60 M.J. at 437).

### B. Maximum Punishment

The staff judge advocate (SJA) advised the convening authority that the maximum punishment in Appellant's case was "a bad conduct discharge, 12 months confinement, 3 months of hard labor without confinement, reduction

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are found in the *Manual for Courts-Martial, United States* (2016 ed.) *(MCM)*.

to E-1, forfeiture of 2/3 pay and *allowances* for 12 months and a *fine*" (emphasis added). We discuss two errors in this statement.

First, "[a] special court-martial may not order forfeiture of allowances." *United States v. Lavoie*, No. ACM S31453 (recon), 2009 CCA LEXIS 16, at *5 (A.F. Ct. Crim. App. 21 Jan. 2009) (unpub. op.); *see also* Article 19, UCMJ, 10 U.S.C. § 819. Second, Appellant "could not have been sentenced to a fine in addition to forfeiture of two-thirds pay per month[2] for 12 months." *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (A.F. Ct. Crim. App. 31 Mar. 2017) (unpub. op.).

The Defense's clemency submission failed to address these two errors. Therefore, we test for plain error. We find both errors obvious based on the law cited above. We also note the military judge correctly announced the maximum punishment prior to accepting Appellant's plea of guilty, and counsel for both sides concurred in the military judge's announcement.

Despite the obvious errors, as Appellant raised no error for our consideration, he has not attempted to make a colorable showing of possible prejudice. We note the adjudged sentence did not include forfeitures or a fine and Appellant requested no financial relief from his adjudged sentence in his clemency submission. Under these circumstances, we find no colorable showing of possible prejudice from the misstatements in the maximum punishment in a special court-martial. *See Scalo*, 60 M.J. at 437.

## C. Victim Submission at Clemency

### 1. Additional Background

On the day of trial, the trial counsel signed a memorandum advising A1C TH of her right to submit matters to the convening authority as a crime victim. *See* R.C.M. 1105A. We list the important post-trial processing dates below:

- 22 October 2018: SJAR signed.
- 24 October 2018: Appellant served SJAR. A1C TH served record of trial.
- 29 October 2018: A1C TH signs a letter to the convening authority.
- 31 October 2018: Defense counsel served with SJAR, record of trial. Appellant and defense counsel separately served A1C TH's letter.
- 9 November 2018: Clemency submitted.

---

[2] In this case, the SJAR also omitted the words "per month." This omission warrants no further discussion given the other errors in the SJAR. We do note that Article 19, UCMJ, does not allow a special court-martial to adjudge "forfeiture of pay exceeding two-thirds pay per month or forfeiture of pay for more than one year."

- 16 November 2018: Addendum signed by SJA. A1C TH's letter is attached.
- 21 November 2018: Action.

**2. Additional Law and Analysis**

"Whether matters contained in an addendum to the SJAR constitute 'new matter' that must be served upon an accused is a question of law that is reviewed de novo." *United States v. Scott*, 66 M.J. 1, 3 (C.A.A.F. 2008). R.C.M. 1106(f)(7) does not define "new matter" and the United States Court of Appeals for the Armed Forces (CAAF) has not suggested a comprehensive definition. *United States v. Buller*, 46 M.J. 467, 468 (C.A.A.F. 1997). However, the CAAF cited with approval a portion of the "non-binding" discussion accompanying R.C.M. 1106(f)(7) which lists a "number of illustrations of new matter" including "the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed." *Buller*, 46 M.J. at 468 (internal quotations and citations omitted). Therefore, we apply the portion of R.C.M. 1106(f)(7)'s Discussion cited with approval by the CAAF to interpret what is "new matter." Other portions of R.C.M. 1106(f)(7)'s Discussion that have not been cited with approval by the CAAF or adopted by our court and which appear to have no basis in other established legal authority must be closely examined.

A1C TH's statement to the convening authority was not available until after the SJAR was signed. It contained a "matter from outside the record of trial," specifically her reactions to the court-martial and the sentence imposed. Her statement to the convening authority went beyond her statement at trial made under R.C.M. 1001A. Accordingly, we find the general rule applicable that an accused "must be served with the new matter and given 10 days from service of the addendum in which to submit comments." R.C.M. 1106(f)(7).

We closely examine one sentence in the Discussion to R.C.M. 1106(f)(7), *New matter in addendum to recommendation*. The sentence reads: "[i]f a victim statement, submitted under R.C.M. 1105A, is served on the accused prior to the service of the recommendation, then that statement shall not be considered a 'new matter' when it is again served on the accused as enclosure to the recommendation." R.C.M. 1106(f)(7), Discussion. One interpretation of this non-binding discussion, applied to Appellant's case, could lead to the conclusion that A1C TH's letter was not a "new matter." We express our concerns with this portion of the Discussion below.

First, the word "shall" in the Discussion causes us concern. We question whether such a directive term belongs in a non-binding discussion at all.[3] More

---

[3] The Discussion to the R.C.M.'s "do not constitute rules." *MCM*, pt. I, ¶ 4, Discussion.

substantively, the word "shall" appears to limit what may actually be "new matter" when an R.C.M. 1105A victim statement includes "the effect of new decisions on issues in the case, matter from outside the record of trial, [or] issues not previously discussed." *See Buller*, 46 M.J. at 468 (internal quotations and citation omitted). We reject the proposition that certain R.C.M. 1105A statements do not qualify as "new matter" because the Appellant and his defense counsel were served them outside of the SJAR and addendum process. Matters from an Article 32 preliminary hearing and an SJA's pretrial advice in a general court-martial are not exempt from being "new matter" during clemency simply because the Defense was served the documents earlier in the court-martial process. *See United States v. Chatman*, 46 M.J. 321, 322–23 (C.A.A.F. 1997). A better approach, for victim clemency submissions, in the cases that remain under this version of R.C.M. 1106(f)(7), would be for legal offices to treat "shall" in the Discussion as "may" and evaluate each R.C.M. 1105A submission on a case-by-case basis.

In this case, A1C TH's R.C.M. 1105A statement was due 10 days after she received the record of trial. *See* R.C.M. 1105A(d)(1)(A). When the SJA received A1C TH's letter, the SJA should have drafted an addendum to the SJAR, attached A1C TH's letter, and explicitly given Appellant and his defense counsel an additional 10 days to submit matters. Instead, the legal office chose to serve A1C TH's letter on Appellant and his defense counsel outside of the SJAR addendum process. It is possible the legal office was led astray by R.C.M. 1106(f)(7)'s non-binding discussion but other explanations are certainly possible as well. Regardless of the source of the error, under these circumstances, we will assume *arguendo* that obvious error existed when the 16 November 2018 addendum to the SJAR, with A1C TH's letter attached, was never served on Appellant and his defense counsel. *See* R.C.M. 1106(f)(7).

By assuming error, we do not find the 31 October 2018 service of A1C TH's letter on Appellant and his defense counsel to be irrelevant. While unimportant to our analysis of what constituted "new matter," we do find the service of A1C TH's letter important to our determination of whether a colorable showing of possible prejudice exists. Here, the Defense's 10-day window to submit clemency matters began on 31 October 2018, when Appellant's defense counsel received the record of trial and the SJAR. *See* R.C.M. 1106(f)(5). This same day, both Appellant and his defense counsel received A1C TH's letter. Clemency was due 10 November 2018. In practical terms, the Defense received a full 10 days, after receiving A1C TH's letter, to address it in clemency. The Defense chose not to address A1C TH's letter at all. Additionally, they signed clemency letters on 9 November 2018, one day earlier than required. The CAAF described the essence of R.C.M. 1106(f)(7) as requiring "fair play." *Buller*, 46 M.J. at 469. On the whole, we observe a fair clemency process in practice, despite technical noncompliance with R.C.M. 1106(f)(7).

As noted above, Appellant has not attempted to make a colorable showing of possible prejudice as he submitted his case to us on its merits. We find no prejudice for the technical noncompliance with R.C.M. 1106(f)(7). *See Scalo*, 60 M.J. at 437. Appellant and his counsel only asked the convening authority to disapprove the bad-conduct discharge. Defense counsel acknowledged the convening authority may not "be able to act on this request" but asked for disapproval of the bad-conduct discharge "should it become possible, or if a higher authority has the ability." Simply put, the convening authority had no power to disapprove the bad-conduct discharge and grant Appellant the clemency he requested. *See* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A). Therefore, we find no colorable showing of possible prejudice by the assumed error of failing to serve new matter on Appellant and his defense counsel. *See Scalo*, 60 M.J. at 437.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

AARON L. JONES
Deputy Clerk of the Court